**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SHANNON WOODARDS, | : | |
| | : | Civil Action No. 14-5986(NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| PATRICK E. MALLOY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**APPEARANCES:**

Shannon Woodards
Camden County Correctional Facility
330 Federal Street
Camden, NJ  08101
    Plaintiff pro se


**HILLMAN,** District Judge

    Plaintiff Shannon Woodards, a pre-trial detainee confined

at Camden County Correctional Facility in Camden, New Jersey,

seeks to bring this civil action in forma pauperis, without

prepayment of fees or security, asserting claims pursuant to 42

U.S.C. § 1983.

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.[1]

Title 28 U.S.C. § 1915 establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which

---

[1] The Court notes that Plaintiff has used out-of-date forms for the Complaint and the application for leave to proceed in forma pauperis, which do not reflect the current filing fee and administrative fee.

states that the prisoner is unable to pay the fee.   28 U.S.C.

§ 1915(a)(1).   The prisoner also must submit a certified copy of

his inmate trust fund account statement(s) for the six-month

period immediately preceding the filing of his complaint.   28

U.S.C. § 1915(a)(2).   The prisoner must obtain this certified

statement from the appropriate official of each correctional

facility at which he was confined during such six-month period.

Id.

If the prisoner is granted in forma pauperis status, the

prisoner must pay the full amount of the $350 filing fee, in

installments, as follows.   28 U.S.C. § 1915(b)(1).   In each

month that the amount in the prisoner's account exceeds $10.00,

until the $350.00 filing fee is paid, the agency having custody

of the prisoner shall assess, deduct from the prisoner's

account, and forward to the Clerk of the Court an installment

payment equal to 20% of the preceding month's income credited to

the prisoner's account.   28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his

Complaint that he must pay the filing fee, and that even if the

full filing fee, or any part of it, has been paid, the Court

must dismiss the case if it finds that the action: (1) is

frivolous or malicious; or (2) fails to state a claim upon which

relief may be granted; or (3) seeks monetary relief against a

defendant who is immune from such relief.   28 U.S.C.

§ 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C.
§ 1915A (dismissal of actions in which prisoner seeks redress
from a governmental defendant); 42 U.S.C. § 1997e (dismissal of
prisoner actions brought with respect to prison conditions).  If
the Court dismisses the case for any of these reasons, § 1915
does not suspend installment payments of the filing fee or
permit the prisoner to get back the filing fee, or any part of
it, that has already been paid.

　　　If the prisoner has, on three or more prior occasions while
incarcerated, brought in federal court an action or appeal that
was dismissed on the grounds that it was frivolous or malicious,
or that it failed to state a claim upon which relief may be
granted, he cannot bring another action in forma pauperis unless
he is in imminent danger of serious physical injury.  28 U.S.C.
§ 1915(g).

　　　In this action, Plaintiff failed to submit a complete in
forma pauperis application as required by 28 U.S.C.
§ 1915(a)(1), (2).  More specifically, Plaintiff failed to
include the required certified inmate trust fund account
statement.  See, e.g., Hairston, Sr. v. Gronolsky, 348 F.App'x
716 (3d Cir. 2009) (affirming administrative termination of
prisoner civil rights action for failure to comply with
requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42
F.App'x 221 (10th Cir. 2002) (affirming dismissal without

prejudice of civil action where prisoner submitted only
uncertified copy of institutional account statement); Johnson v.
United States, 79 Fed.Cl. 769 (2007) (same).  See also Rohn v.
Johnston, 415 F.App'x 353, 354-55 (3d Cir. 2011) (affirming
dismissal without prejudice of civil action where prisoner
failed to submit the required affidavit of poverty).

To the extent Plaintiff asserts that correctional officials
have refused to provide the certified account statement, any
such assertion must be supported by an affidavit detailing the
circumstances of Plaintiff's requires for a certified
institutional account statement and the correctional officials'
refusal to comply, including the dates of such events and the
names of the individuals involved.

The allegations of the Complaint do not suggest that
Plaintiff is in imminent danger of serious physical injury.  See
28 U.S.C. § 1915(g).

CONCLUSION

For the reasons set forth above, Plaintiff's application
for leave to proceed in forma pauperis will be denied without
prejudice and the Clerk of the Court will be ordered to
administratively terminate this action, without filing the

5

Complaint or assessing a filing fee.[2]  Plaintiff will be granted

leave to apply to re-open within 30 days.

    An appropriate Order will be entered.


At Camden, New Jersey                         s/ Noel L. Hillman
                                    Noel L. Hillman
                                    United States District Judge

Dated:  September 29, 2014

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar <u>if</u> it was originally submitted timely.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (prisoner mailbox rule); <u>Papotto v. Hartford Life & Acc. Ins. Co.</u>, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).